IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Loretta Greer, | ) | |
| Petitioner, | ) | |
| v. | ) | CV 04-1265 PHX JAT (VAM) |
| Attorney General, et al., | ) | REPORT AND RECOMMENDATION |
| Respondents. | ) | |

TO THE HONORABLE JAMES A. TEILBORG, U.S. DISTRICT JUDGE.

Loretta Greer ("petitioner") filed a pro se Second Amended Petition pursuant to 28 U.S.C. § 2254. Petitioner presents four grounds for relief in the amended petition. (Doc. 65 at pp. 5-22). By previous order, the Court dismissed Ground IV and ordered respondents to file a response to the remaining claims for relief. (Doc. 90). Respondents filed a response opposing the granting of habeas relief. (Doc. 137).

**BACKGROUND**

In December, 1999, petitioner was convicted of two counts of first degree murder and two counts of child abuse for killing her two children, ages 5 and 4. (Doc. 137, Exhibit A at pp. 4-6). As a result of these convictions, petitioner was sentenced to two consecutive life terms with no possibility of parole, as well as two consecutive 17-year prison terms for the two felony child

abuse convictions.  (<u>Id.</u> at Exhibit B).

Plaintiff appealed raising the following issues:

**Issue 1**: Denial of Right to Testify

**Issue 2:** [Petitioner's] September 30, 1994 Statement was Involuntary

**Issue 3:** A Response to a Jury Question was Fundamental Error

**Issue 4:** An inflammatory newspaper article the day of trial that several jurors read portions of supported a motion to strike the jury panel

(Doc. 137, Exhibit D at pp. 9-11).

The Arizona Court of Appeals affirmed petitioner's convictions and sentences on January 24, 2002.  (Doc. 137 at Exhibit E).  Petitioner sought review in the Arizona Supreme Court, but raised only one issue, to wit:

She was denied her right to testify because she did not make a knowing and intelligent waiver.

(Doc. 137, Exhibit F at p. 3).  The Arizona Supreme Court denied the petition for review without comment on June 25, 2002.  (<u>Id.</u> at Exhibit G).  Petitioner filed a petition for writ of certiorari with the U.S. Supreme Court on October 9, 2002.  (<u>Id.</u> at Exhibit H).  The Supreme Court denied the petition on December 2, 2002.  (<u>Id.</u> at Exhibit I).

On March 8, 2002, while her appeal was still pending before the Arizona Supreme Court, petitioner filed a Notice of Post-Conviction Relief pursuant to Ariz.R.Crim.P. 32.1.  (Doc. 137 at Exhibit J).  On November 21, 2002, petitioner filed a post-conviction relief petition raising the following claims:

**1.** When trial counsel violated the Rules of Professional Conduct by telegraphing to the trial court

2

that his client would perjure herself, consequently functionally depriving her of the right to testify and undermining her credibility for sentencing, the conduct amounted to ineffective assistance of counsel.

**2.** Trial counsel provided ineffective assistance under Arizona law by disclosing a confidential communication to the trial court.

**3.** Trial counsel provided ineffective assistance of counsel by functionally waiving the client's right to testify by informing the court she would perjure herself.

**4.** As a matter of constitutional law, the trial court denied [petitioner] a fundamental right by not performing an on-the-record waiver of her right to testify or making an inquiry into the trial court's frustration of her right to testify.

**5.** Sentencing Greer to Life without Parole ("LWOP") violates the principles of Apprendi and Ring, as well as Due Process of Law.

(Doc. 137, Exhibit K at pp. 4-19).

On May 27, 2003, the trial court denied the post-conviction petition. (Doc. 137, Exhibit L at p. 2). Petitioner was subsequently granted five extensions of time to file a petition for review to the Arizona Court of Appeals up through January 16, 2004. (Id. at Exhibit M). Petitioner filed nothing by this deadline, however, on January 30, 2004, petitioner filed an "Affadavit Supporting Petition for Review" in the trial court. (Id. at Exhibit N). On February 11, 2004, petitioner filed a "Notice of Petition for Reivew" in the trial court, and on February 26, 2004, a petition for review was also filed in the trial court. (Id. at Exhibits P and O). The petition for review was evidently forwarded to the Arizona Court of Appeals, which noted its filing on March 3, 2004, but nevertheless dismissed the petition as untimely, noting that petitioner was required to file

3

the petition for review no later than January 16, 2004.  (Id. at

Exhibit Q).  In dismissing the petition for review, the Court of

Appeals stated that "[w]hether petitioner was without fault for

the untimely filing is a question of fact.  The trial court may,

'after being presented with proper evidence, allow a late filing'

if it finds that petitioner was not responsible for the untimely

filing."  (Id. at Exhibit Q).  The record does not indicate if

petitioner sought review in the Arizona Supreme Court, although

petitioner states she sought review but review was denied.  (Doc.

65 at p. 2).  No documentation has been provided to support this

assertion.

On June 17, 2004, petitioner filed her first federal habeas

corpus petition.  (Doc. 1).  The Court dismissed the petition

with 30 days leave to amend because the petition failed to name a

custodian, failed to state claims in summary form, and failed to

allege exhaustion of state court remedies.  (See Doc. 7 at pp. 1-

4).  On February 11, 2005, the Court issued an order noting that

petitioner had failed to file a proper amended petition on the

court-approved form and again permitted her an additional 30 days

to file an amended petition.  (See Doc. 44).

On February 28, 2005, petitioner filed an amended petition.

(Doc. 46).  However, on March 9, 2005, petitioner moved to strike

the amended petition.  (Doc. 50).  On April 12, 2005, petitioner

filed a second amended petition.  Petitioner labeled this a 3rd

Amended Petition.  (Doc. 65).  On May 3, 2005, the Court ordered

service with respect to Grounds I, II and III of the second

amended petition but dismissed Ground IV.  (See Doc. 90).  On

1   September 6, 2005, respondents filed a response contending that

2   all remainig claims in the second amended petition (Grounds I-

3   III) should be denied because they are untimely.  Alternatively,

4   respondents allege that the claims are procedurally defaulted.

5   (See Doc. 137).

6   **DISCUSSION**

7   Respondents assert that the claims raised in the Second

8   Amended Petition are barred by the statute of limitations.

9   Alternatively, they argue that the claims have been procedurally

10  defaulted.

11  **I. Statute of Limitations**

12  A. Law Generally

13  As part of the Anti-Terrorism and Effective Death Penalty

14  Act of 1996 ("AEDPA"), Congress provided a 1-year statute of

15  limitations for all applications for writs of habeas corpus filed

16  pursuant to 28 U.S.C. § 2254, challenging convictions and

17  sentences rendered by state courts.  This provision, codified at

18  28 U.S.C. § 2244, states, in pertinent part:

19  (d)(1) A 1-year period of limitations shall apply to an
    application for a writ of habeas corpus by a person in
20  custody pursuant to the judgment of a State court.  The
    limitation period shall run from the latest of --
21
    (A) the date on which the judgment became final by the
22  conclusion of direct review or the expiration of time
    for seeking such review;
23
    (B) the date on which the impediment to filing an
24  application created by State action in violation of the
    Constitution or laws of the United States is removed,
25  if the applicant was prevented from filing by such
    State action;
26
    (C) the date on which the constitutional right asserted
27  was initially recognized by the Supreme Court, if the

28  5

1    right has been newly recognized by the Supreme Court
     and made retroactively applicable to cases on
2    collateral review; or

3    (D) the date on which the factual predicate of the
     claim or claims presented could have been discovered
4    through the exercise of due diligence.

5         In Calderon v. United States District Court for the Northern

6    District of California ("Beeler")(en banc), 128 F.3d 1283 (9th

7    Cir. 1997), the Ninth Circuit addressed the new limitations

8    period contained at 28 U.S.C. § 2244(d)(1).  The Court noted that

9    prior to § 2244(d)'s enactment "state prisoners had almost

10   unfettered discretion in deciding when to file a federal habeas

11   petition" and that "delays of more than a decade did not

12   necessarily bar a prisoner from seeking relief."  Beeler, 128

13   F.3d at 1286.

14        The Court noted, however, that the provisions of § 2244(d)

15   "dramatically changed this landscape" and a petitioner was now

16   "required to file his habeas petition within one year of the date

17   his process of direct review came to an end."  Id.  The Court,

18   following other circuits, also held that the period of

19   limitations "did not begin to run against any state prisoner

20   prior to the statute's date of enactment" of April 24, 1996.

21   Beeler, 128 F.3d at 1287.  Thus, all federal habeas corpus claims

22   concerning state court judgments finalized prior to April 24,

23   1996, had to be filed by April 23, 1997,[1] or they were barred by

24   _____

25        [1] The Ninth Circuit has held that, pursuant to the counting
     provisions outlined in Fed.R.Civ.P. 6, the one-year limitations
     period for all habeas petitioner's challenging convictions or
26   sentences finalized prior to the April 24, 1996 effective date of
     the AEDPA is April 24, 1997.  Patterson v. Stewart, 251 F.3d 1243,
27   1246 (9th Cir. 2001).

28                                       6

the statute of limitations absent a showing the circumstances surrounding the filing of the petition fell into one of the categories listed in § 2244(d)(1)(B)-(D).

The <u>Beeler</u> Court also held § 2244(d) established a customary statute of limitations period "subject to equitable tolling." <u>Id.</u> at 1288-89.  The statute itself provided for tolling the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2). However, the Court cautioned that equitable tolling of the limitations period "will not be available in most cases but will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."  <u>Beeler</u>, 128 F.3d at 1288-89 (citing <u>Alvarez-Machain v. United States</u>, 107 F.3d 696, 701 (3rd Cir. 1997)).

<u>B. Application of Law to the Facts of the Case</u>

The record reveals that petitioner's direct appeal concluded on December 2, 2002, when the U.S. Supreme Court denied her petition for writ of certiorari.  (Doc. 137 at Exhibit I). However, 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  In this case, prior to the conclusion of her direct appeal, petitioner filed a Notice of Post-Conviction Relief pursuant to Ariz.R.Crim.P. 32.1 in the trial court.  (<u>See</u> <u>id.</u> at Exhibit J); <u>see also</u> <u>Isley v. Arizona</u>

7

1   <u>Department of Corrections</u>, 383 F.3d 1054, 1055-56 (9th Cir.

2   2004)(holding that in Arizona, a state post-conviction petition

3   is deemed "pending" for purposes of the tolling provision of 28

4   U.S.C. § 2254, when the notice is filed).  As long as petitioner

5   had a "properly filed petition for post-conviction relief"

6   pending in state court, the 1-year limitations period was tolled.

7        The record indicates that the trial court denied the post-

8   conviction petition on May 27, 2003.  (Doc. 137 at Exhibit L).

9   Arizona R.Crim.P. 32.9(c) gives petitioner 30 days to seek review

10  of the denial in the Arizona Court of Appeals from the date of

11  the trial court's denial.  In this case, petitioner sought and

12  received numerous extensions of time to seek review before the

13  Arizona Court of Appeals, up through January 16, 2004.  (Doc. 137

14  at Exhibit M).  It further appears that petitioner did not file a

15  proper petition for review with the Arizona Court of Appeals

16  within that time frame.  Instead, petitioner filed a belated

17  petition for review that was dismissed on March 8, 2004, as

18  untimely.  (Doc. 137 at Exhibit Q).  The record does not provide

19  documentation of whether petitioner sought further review before

20  the Arizona Supreme Court.  Petitioner states she did seek review

21  before that court but the Arizona Supreme Court denied the

22  petition.  (Doc. 65 at p. 2).

23       Respondents contend that because petitioner's petition for

24  review before the Arizona Court of Appeals was deemed untimely

25  under Arizona procedural rules, the one year limitations period

26  began to run when the trial court issued its denial of Rule 32

27  relief on May 27, 2003.  Thus, they argue the federal habeas

28                                     8

petition (originally filed on June 17, 2004) is untimely.

Respondents further contend that the original habeas petition did not stop the running of the limitations period because the petition was dismissed with leave to amend due to procedural infirmities.  (See Doc. 7).  They argue the limitations period actually ran until April 12, 2005, when petitioner filed a second amended petition.  They argue the second amended petition does not relate back to the original petition for tolling purposes. (See Doc. 137 at p. 7).

As a preliminary matter, with respect to respondents' relation back argument, the Magistrate Judge believes that the second amended petition does relate back.  Respondents cite, inter alia, Henry v. Lungren, 164 F.3d 1240 (9th Cir.), cert. denied, 528 U.S. 963 (1999), to support their claim that the second amended petition does not relate back to the original June 17, 2004 petition.  However, in Henry, the court noted that when the district court dismissed the original habeas petition, it "did not expressly or impliedly retain jurisdiction of Henry's original petition [and] .... there was no pending petition to which Henry's new ... petition could relate back or amend."  Id. at 1241.  In this case, the Court reserved dismissal of proceedings and ordered petitioner to amend to correct deficiencies in the original filing.  (See Doc. 7).  As a result, the circumstances are substantially different than those presented in Henry.  For this reason, petitioner's second amended petition does relate back and the operative date for filing the federal petition remains June 17, 2004.  Nevertheless, for the

1  reasons stated below, the petition is still untimely.

2  Even conceding that petitioner's second amended petition

3  relates back to her original filing and, thus, the limitations

4  period stopped running on June 17, 2004, petitioner's claims are

5  still time-barred unless the limitations period was tolled

6  between May 27, 2003 (when the state trial court denied her Rule

7  32 petition), and June 17, 2004 (when she filed her original

8  federal habeas petition), a period of 386 days, 21 more than

9  permissible.  As noted, to toll the limitations period during any

10  part of this period, petitioner must have a "properly filed"

11  petition for post-conviction relief pending in state court.  <u>See</u>

12  28 U.S.C. § 2244(d)(2).

13  In <u>Pace v. DiGuglielmo</u>, ___ U.S. ___, 125 S.Ct. 1807 (2005),

14  the Supreme Court construed the term "properly filed petition" as

15  contained in 28 U.S.C. § 2244(d)(2) to require that the state

16  post-conviction petition be filed in a timely manner.

17  Specifically, the Court stated "[w]e fail to see how timeliness

18  is any less a 'filing' requirement than the mechanical rules that

19  are enforceable by clerks, if such rules exist."  <u>Pace</u>, 125 S.Ct.

20  at 1812.  Nor did the Court find the existence of possible

21  exceptions to a state's timeliness requirements for post-

22  conviction petitions important.  Specifically, the Court stated

23  that "a petition filed after a time limit, and which does not fit

24  within any exceptions to the time limit, is no more 'properly

25  filed' than a petition filed after a time limit that permits no

26  exception."  <u>Id.</u> at 1811-12.  The Court went on to hold:

27  ... it must be the case that a petition that cannot

28  10

1   even be initiated or considered due to the failure to
2   include a timely claim is not 'properly filed.'
    [Citations omitted.]

3       For these reasons, we hold that time limits, no
4   matter their form, are "filing" conditions.  Because
    the state court rejected petitioner's PCRA petition as
    untimely, it was not "properly filed," and he is not
5   entitled to statutory tolling under § 2244(d)(2).

6   Pace, 125 S.Ct. at 1814.

7       Applying these principles to the case at bar, petitioner is

8   not entitled to statutory tolling of the limitations period for

9   any time her proceedings were pending in state court after May

10  27, 2003, when the trial court denied the petition.  As noted,

11  the Arizona Court of Appeals dismissed the petition for review in

12  March, 2004, on the basis that it was untimely.  In doing so, the

13  Court noted that although petitioner was granted several

14  extensions of time to file a petition for review, she

15  nevertheless failed to file a petition within the extended time

16  allotted.  (See Doc. 137 at Exhibit Q).  The propriety of the

17  Arizona Court of Appeals' holding, construing state legal

18  requirements for filing petitions for review, is not subject to

19  review by a federal habeas court.  See Estelle v. McGuire, 502

20  U.S. 62, 67 (1991).

21      Having determined that the Arizona Court of Appeals rejected

22  petitioner's petition for review as untimely, the petition for

23  review was not "properly filed" for purposes of tolling the

24  limitations period "and [s]he is not entitled to statutory

25  tolling under § 2244(d)(2)" for any time her petition for review

26  was pending before the Arizona Court of Appeals.  See Pace, 125

27  S.Ct. at 1814.  Because no timely petition was pending in state

28                                  11

1  court after the trial court denied relief on May 27, 2003, the
2  limitations period began to run from that date.[2]  Thus, even
3  petitioner's original filing for habeas relief on June 17, 2004,
4  is untimely.  Unless petitioner can establish entitlement to
5  statutory or equitable tolling, her claims are time-barred.

6      28 U.S.C. § 2244(d)(1)(B) - (D) lists various scenarios
7  which delay the running of the limitations period beyond the
8  entry of judgment (state-created impediments, new constitutional
9  right created, new factual predicate).  None of these exceptions
10  appear applicable in this case and petitioner has made no
11  colorable or coherent argument that any of these exceptions might
12  be applicable in this case.

13  _____

14      [2]Arizona law affords a post-conviction relief petitioner 30
    days to file a timely petition for review in the Arizona Court of
15  Appeals following the trial court's denial of Rule 32 relief.  See
    Ariz.R.Crim.P. 32.9(c).  However, this 30-day period does not
16  automatically extend the period for tolling the limitations period
    if petitioner fails to file for review in a timely manner.
17  Although 28 U.S.C. § 2244(d)(1) expressly provides that the
    limitations period does not begin to run until "the judgment
18  bec[omes] final by the conclusion of direct appeal *or the
    expiration of the time for seeking such review; ...*" (emphasis
19  added), this language is confined to determining when the
    limitations period begins to run upon conclusion of direct review
20  and is not repeated with respect to proceedings for collateral
    relief and their ability to toll the statute of limitations under
21  28 U.S.C. § 2244(d)(2).  Section 2244(d)(2) provides only that the
    period of time during which a *properly filed* petition for post-
22  conviction relief is *pending* tolls the limitations period.  Case
    law in this circuit and in at least one other circuit has held that
23  a post-conviction proceeding is "pending" during the interval
    between the denial of post-conviction relief in one court and
24  review at the next level only if such review is sought in a timely
    manner.  See Nino v. Galaza, 183 F.3d 1003, 1005 (9th Cir. 1999),
25  cert.denied, 529 U.S. 1104 (2000); see also Melancon v. Kaylo, 259
    F.3d 401, 405-06 (5th Cir. 2001).  Since petitioner did not seek
26  review of the trial court's denial of Rule 32 relief in a timely
    manner, she is not entitled to tolling of the limitations period
27  after the trial court issued its order denying relief.

28                                    12

1    With respect to equitable tolling, petitioner must show

2    "'extraordinary circumstances beyond a prisoner's control make it

3    impossible to file a petition on time.'" Spitsyn v. Moore, 345

4    F.3d 796, 799 (9th Cir. 2003).  Thus, "'[w]hen external forces,

5    rather than a petitioner's lack of diligence, account for the

6    failure to file a timely claim, equitable tolling may be

7    appropriate.'" Lott v. Mueller, 304 F.3d 918, 922 (9th Cir.

8    2002).  However, equitable tolling is unavailable in most cases

9    and "the threshold necessary to trigger equitable tolling [under

10   the AEDPA] is very high, lest the exception swallow the rule.'"

11   Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.), cert. denied,

12   537 U.S. 1003 (2002).   Thus, it must be "external forces, rather

13   than a petitioner's lack of diligence, [which] account for the

14   failure to file a timely claim, ..." Lott, 304 F.3d at 922.

15   Review of the facts present in this case reveal petitioner

16   has not established, or even coherently alleged, a colorable case

17   for equitable tolling.  Petitioner has offered no plausible or

18   convincing explanation for not filing a timely petition for

19   review in the Arizona Court of Appeals within the generous period

20   of time allowed her by the trial court.  The court must conclude

21   that it was her lack of diligence in this regard and not an

22   external factor which resulted in the untimely petition for

23   review.  As a result, petitioner has not established an

24   entitlement to equitable tolling and her claims for relief are

25   barred by the statute of limitations.

26   Because the Magistrate Judge believes petitioner's claims

27   are barred by the statute of limitations, it is not necessary to

28                                  13

address respondents' alternative argument that the claims were not properly exhausted in state court and, as a result, are procedurally barred from consideration on federal habeas review.

IT IS THEREFORE RECOMMENDED that the Second Amended Petition for Writ of Habeas Corpus be denied on the basis that all claims raised are barred by the statute of limitations.

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal filed pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's order and judgment.  The parties shall have ten (10) days from the date of service of this Report and Recommendation to file specific written objections with the Court.  Thereafter, the parties have ten (10) days within which to file a response to the objections.  Failure to timely file objections to the Magistrate Judge's Report and Recommendation will result in a waiver of de novo review of the factual findings and may result in the acceptance of the Report and Recommendation by the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).

DATED this 8th day of November, 2005.

*Virginia A. Mathis*

Virginia A. Mathis
United States Magistrate Judge

14