1  WO

2

3

4

5

6                 IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8   Loretta Greer,                    )
                                      )
9                     Petitioner,     )
                                      )
10             v.                     )    CIV 04-1265 PHX JAT (VAM)
                                      )
11  Attorney General, et al.,         )    ORDER
                                      )
12                                    )
                      Respondents.    )
13  _____

14       Pending before the Court is petitioner's Motion for an

    Evidentiary Hearing.  (Doc. 165).
15
         Petitioner seeks an evidentiary hearing.  28 U.S.C. § 2254(e)
16
    severely restricts a court's discretion to grant an evidentiary
17
    hearing.  Baja v. Ducharme, 187 F.3d 1075, 1077 (9th Cir. 1999).
18
    The statute imposes "an express limitation on the power of a
19
    federal court to grant an evidentiary hearing .. and [has] reduced
20
    considerably the degree of a district court's discretion."  Baja,
21
    187 F.3d at 1078 (quoting Cardwell v. Greene, 152 F.3d 331, 336
22
    (4th Cir.), cert. denied, 119 S.Ct. 587 (1998).  Section
23
    2254(e)(2) provides, in pertinent part:
24
         If the applicant has failed to develop the factual basis
25       of a claim in State court proceedings, the court shall
         not hold an evidentiary hearing on the claim unless the
26       applicant shows that

27       (A) the claim relies on

28

1         (i) a new rule of constitutional law; made retroactive
        to cases on collateral review by the Supreme Court, that
2         was previously unavailable; or

3         (ii) a factual predicate that could not have been
        previously discovered through the exercise of due
4         diligence; and

5        (B) the facts underlying the claim would be sufficient
       to establish by clear and convincing evidence that but
6        for constitutional error, no reasonable factfinder would
       have found the applicant guilty of the underlying
7        offense.

8 An exception to these requirements exists if a petitioner

9 demonstrates he attempted to develop a factual basis for a claim

10 in state court but was denied the opportunity to do so by the

11 state court.  <u>Baja</u>, 187 F.3d at 1078.

12      The motion submitted by petitioner is confusing and

13 incoherent.  Petitioner does not state with any clarity how the

14 grievances outlined in her motion relate to her claims for habeas

15 relief.  In addition, she does not indicate, let alone demonstrate

16 that she attempted to develop the factual basis for the issues in

17 state court but was denied the opportunity to do so.  For all

18 these reasons, the motion for an evidentiary hearing will be

19 denied without prejudice.

20      IT IS THEREFORE ORDERED that petitioner's Motion for an

21 Evidentiary Hearing (Doc. 165) is denied without prejudice.

22      DATED this 8th of November, 2005.

23

24               Virginia A. Mathis
              United States Magistrate Judge
25

26

27

28                     2