1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9   Loretta Ann Greer,                )   No. CV 04-1265-PHX-JAT
                                       )
10            Petitioner,              )   **ORDER**
                                       )
11  vs.                                )
                                       )
12                                     )
    Arizona Attorney General; et al.,  )
13                                     )
              Respondents.             )
14                                     )
                                       )
15  _____  )

16        Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus and many

17  other motions.   On November 9, 2005, the Magistrate Judge issued a Report &

18  Recommendation which recommends that the Petition in this case be denied.  Both the

19  Petitioner and the Respondents have filed objections to the Report and Recommendation.

20  In addition to objections, the Petitioner has made numerous other filings.

21        This Court "may accept, reject, or modify, in whole or in part, the findings or

22  recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  It is "clear that the

23  district judge must review the magistrate judge's findings and recommendations *de novo if*

24  *objection is made*, but not otherwise."  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

25  (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219,

26  1126 (D.Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of

27  factual and legal issues is required if objections are made, 'but not otherwise.'").  District

28  courts are not required to conduct "any review at all . . . *of any issue* that is not the subject

1   of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28
2   U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the
3   [report and recommendation] to which objection is made.").

4          In this case, the Magistrate Judge issued two Reports and Recommendations. The first
5   Report and Recommendation was on Petitioner's Motion to Compel her transfer to another
6   facility for safety reasons.  The Magistrate Judge recommended that this Motion be denied.
7   Neither party filed objections to this Report and Recommendation.  Accordingly, this Report
8   and Recommendation will be accepted and adopted.

9          Before the Court considers the habeas petition itself, the Court will first consider
10  Petitioner's request for an evidentiary hearing.  On December 8, 2005, after filing her
11  objections to the Report and Recommendation, Petitioner filed a motion for an evidentiary
12  hearing.  In her Motion, Petitioner states that she seeks an evidentiary hearing because:

13         "Petitioner did not have opportunity; to develope record on issue of she was
14  prejudiced see also 28 U.S.C. § 2244(B)(2)B 2000) and Brady Rule; Hariss v. Pully 885 F.2d
15  1354-1370, 71 - 9th Cir 1988 Petitioner Greer has the Burdon of Proveing the conviction she
16  is currently under is wrong and unlawful."  Doc. #193, page 2.

17         Petitioner then continues:

18         "There are two stayed; pleadings pending: Theres no record of trial court not granting
19  01-16-04 motion to extend: extraordinary circumstances exist: state courts errored: Federal
20  Court extending; time is tolled: writ of corpus is timely filed: conviction is unlawful:
21  counsels assistance is ineffective: Petitioner is currently posted at A.D.O.C. under protective
22  custody investigation for her safty she has had to lodge lawsuits aginst A.D.O.C. workers and
23  thier; inmate pet companions whom are.' have attempted to play her Judge;' ... God and Jury
24  see exhibit one and its attachments which consist of a six page affidavit; notice exhibits
25  further supporting Motion for Reconsideration A.D.O.C. defendants diverting Plaintiff
26  papers i.e. pleadings; so they assuemed by Court to make no sence and attachments consist
27  of five sets of exhibits sum of ZZ attachments supporting demonstrating; showing examples
28  of A.D.O.C. workers; sabotoging mail legal etc."  Doc. #193, page 3.

1    The motion continues in a similar fashion for three more pages.

2    In *Williams v. Taylor*, 529 U.S. 420 (2000), the Supreme Court held that under 28

3    U.S.C. § 2254(e)(2), a petitioner is entitled to an evidentiary hearing if he presents a

4    "meritorious claim" and he exercised reasonable diligence in developing the factual record

5    in the state proceedings.  529 U.S. at 434-37.  A petitioner exercises the diligence necessary

6    to preserve a claim if "the prisoner made a reasonable attempt, in light of the information

7    available at the time, to investigate and pursue claims in state court."  *Id.* at 435.

8    Thus, in order to qualify for an evidentiary hearing, Petitioner must both: "(1) allege

9    facts which, if proven, would entitle him to relief, and (2) show that he did not receive a full

10   and fair hearing in a state court, either at the time of the trial or in a collateral proceeding."

11   *Belmontes v. Brown*, 414 F.3d 1094, 1124 (9th Cir. 2005).  No hearing is necessary, however,

12   if this Court "is able to determine without a hearing that the allegations are without

13   credibility or that the allegations if true would not warrant a new trial . . . ."  *United States*

14   *v. Navarro-Garcia*, 926 F.2d 818, 822 (9th Cir. 1991); *see also Siripongs v. Calderon*, 35

15   F.3d 1308, 1312 (9th Cir. 1994) ("In a capital case, a habeas petitioner who asserts a

16   *colorable claim to relief*, and who has never been given the opportunity to develop a factual

17   record on that claim, is entitled to an evidentiary hearing in federal court." (emphasis

18   added)).

19   The Court finds that Petitioner has not made any allegations that, if true, would

20   warrant a new trial.  Accordingly, the Court will not conduct an evidentiary hearing.  In fact,

21   it would seem the main premise for the request is that Petitioner believes that A.D.O.C.

22   workers are "sabotaging" her pleadings before this Court to make her seem "incoherent."

23   Doc. #193 at 6.  Even if Petitioner could prove such allegations to be true, she would not be

24   entitled to a new trial on her state court conviction.  Thus, an evidentiary hearing is not

25   necessary.

26   Petitioner has also filed motions to stay this case (Docs. #229 and #236) and to

27   "remove" the undersigned as the Judge in this case (Doc. #242).  The Court has reviewed

28

both motions to stay.  The Court finds Petitioner has not alleged any grounds that would justify a stay of this case.  Therefore, both of these motions will be denied.

With respect to the "Declaration [sic] 2nd request for Judge James Teilborg to be removed from cause," the motion basically seeks recusal because Petitioner believes that the undersigned "always rules against this Petitioner." The Court finds that prior rulings are not a basis for recusal, accordingly, this "declaration" will be denied.

From when the Magistrate Judge issued the Report and Recommendation in this case recommending that the Petition be denied (November 9, 2005) through May 5, 2006, Petitioner has filed two objections (Docs. #172 and #175), 16 declarations, 29 notices, 14 motions and 4 affidavits, all of which present evidence or arguments going to the merits of the Petition. These efforts by Petitioner are procedurally improper.  To object to a report and recommendation, Petitioner must file one pleading which contains all of her objections. Accordingly, all of what Petitioner has filed will be denied.  Petitioner will be given until June 1, 2006 to file ONE pleading in which she states ALL of her objections to the report and recommendation.   Petitioner may not file anything else, nor may she move for reconsideration of this order.  Petitioner is being given, through the procedural vehicle of filing an objection, every opportunity to make any argument she wishes to make.  However, such arguments must be presented to the Court in a procedurally proper and manageable manner.  Thus, based on the foregoing,

**IT IS ORDERED** that the Report & Recommendation (Doc. #166) recommending that Petitioner's Motion to Compel Transfer be denied, to which no objections were filed, is accepted and adopted; Petitioner's Motion to Compel Transfer (Doc. #150) is denied.

**IT IS FURTHER ORDERED** that, for the reasons stated above, Petitioner's Motion for Evidentiary Hearing (Doc. #193) is denied.

**IT IS FURTHER ORDERED** that Petitioner's Motions to Stay (Docs. #229 and #236) are denied;

**IT IS FURTHER ORDERED** that Petitioner's Declaration [sic] 2nd request for Judge James Teilborg to be removed from cause (Doc. #242) is denied;

- 4 -

1    **IT IS FURTHER ORDERED** that all other declarations, notices, motions and

2    affidavits filed by Petitioner since November 9, 2005 are denied;

3    **IT IS FURTHER ORDERED** that by June 1, 2006, Petitioner shall file ONE

4    consolidated objection to the Magistrate Judge's Report and Recommendation in which

5    Petitioner makes any and all of her objections to the Report and Recommendation; Petitioner

6    MAY NOT file anything other than the objection to the Report and Recommendation; and

7    objections not received by June 1, 2006 will be deemed to be waived;[1]

8    **IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. #169) and

9    the Respondents' objections thereto (Doc. #174) remain under consideration.

10    DATED this 8th day of May, 2006.

11

12

13    _____
      James A. Teilborg
      United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25    _____

26    [1]   One of the pleadings Petitioner previously filed was entitled "Declaration Notice of
      Adverse Words In Petitioner; Pleading(s) And Request for Court to Strike Words [sic]

27    Indicating Petitioner; Time To File Pleadings Is Not Tolled" (Doc. #188 and as re-filed at
      Doc. #208).  To the extent Petitioner is concerned that she has waived her argument for

28    tolling, she is advised that she may raise her tolling argument in her objections.