1   **WO**

2

3

4

5

6                  IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9   Loretta Ann Greer,                    )    No. CV 04-1265-PHX-JAT
                                          )
10              Petitioner,               )    **ORDER**
                                          )
11  vs.                                   )
                                          )
12                                        )
    Arizona Attorney General; et al.,     )
13                                        )
                Respondents.              )
14                                        )
    _____  )
15

16          Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus.  On

17  November 8, 2005, the Magistrate Judge issued a Report & Recommendation (R&R) which

18  recommends that the Petition in this case be denied as untimely.  Both the Petitioner and the

19  Respondents have filed objections to the Report and Recommendation.

20  **Review of Report and Recommendation**

21          This Court "may accept, reject, or modify, in whole or in part, the findings or

22  recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  It is "clear that the

23  district judge must review the magistrate judge's findings and recommendations *de novo if*

24  *objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

25  (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219,

26  1126 (D.Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of

27  factual and legal issues is required if objections are made, 'but not otherwise.'").  District

28  courts are not required to conduct "any review at all . . . *of any issue* that is not the subject

1    of an objection."  *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28

2    U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the

3    [report and recommendation] to which objection is made.").

4         Both parties filed objections to this Report and Recommendation.  Accordingly, the

5    Court will review the Report and Recommendation (Doc. #169) *de novo*.

6    **Analysis**

7         This case presents the following issues: 1) is the Petition timely, which has two sub-

8    parts: A) does the filing of an amended habeas petition in federal court relate back to the

9    filing of the original habeas petition in federal court; and B) is Petitioner entitled to statutory

10   tolling for the period of time in which she could have filed a petition for review with the state

11   court of appeals (because she had an extension of time to so file) when Petitioner never

12   actually filed the petition for review; and 2) if the Petition is timely, A) did Petitioner exhaust

13   her claims with the state courts; and, if not, B) can Petitioner show cause and prejudice for

14   her failure to exhaust?

15        **Is the Petition Timely?**

16        It is well settled that under the Anti-Terrorism and Effective Death Penalty Act

17   (AEDPA), a federal habeas petition must be filed within one year of when a conviction in

18   state court becomes final. 28 U.S.C. § 2244(d).  This statute of limitations is subject to both

19   statutory tolling and equitable tolling.  A Petitioner is entitled to statutory tolling during the

20   time that the Petitioner had a "properly filed application for State post-conviction or other

21   collateral review with respect to the pertinent judgment or claim [] pending."  28 U.S.C. §

22   2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  A Petitioner is entitled to

23   equitable tolling when the Petitioner can show that there were extraordinary circumstances

24   beyond his/her control made it impossible for him/her to file timely.  *See Calderon v. United*

25   *States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997) *overruled in part on other*

26   *grounds by Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en

27   banc).

28

1          In this case, Petitioner's case was entitled to statutory tolling through May 27, 2003

2    because Petitioner had some form of direct review or collateral review pending from the time

3    of her conviction until May 27, 2003.  Petitioner indicated an intent to appeal.  Thereafter,

4    Petitioner received multiple extensions of time to file a petition for review (of the trial court's

5    May 27, 2003 denial of Petitioner's request for post-conviction relief) with the Arizona court

6    of appeals, resulting in her petition for review being due January 16, 2004.  Petitioner never

7    filed a petition for review.  As a result, the Arizona court of appeals dismissed the appeal on

8    March 3, 2004.

9          On June 17, 2004, Petitioner filed this case.  Her Petition was denied, but not

10    dismissed, with leave to amend.  Petitioner filed the amended Petition currently at issue in

11    this case on April 12, 2005.

12         **Relation Back**

13         The R&R recommended that this Court find that for purposes of the AEDPA's statute

14    of limitations analysis, Petitioner filed the federal habeas petition on June 17, 2004.

15    Respondent objects to this recommendation (Doc. #174) arguing that the Petition filed on

16    April 12, 2005 is the only "properly filed" federal petition, and it does not "relate back" to

17    the June 17, 2004 filing; therefore, the April 12, 2005 date is the "filing" date.

18         Respondent argues that the reason Petitioner should not be given the benefit of the

19    June 17, 2004 filing date is because Petitioner failed to disclose in this original filing whether

20    she had exhausted her state court remedies.  Thus, Petitioner should not be given the benefit

21    of a filing date on an incomplete Petition.  While the Court understands Respondents'

22    position that such a result could allow petitioners still in the exhaustion process to file

23    anticipatory habeas petitions while still exhausting without disclosing the same to the Court,

24    Respondents' position would also cause this Court to examine the merits and completeness

25    of every habeas Petition to determine whether such Petition is "filed" for purposes of the

26    filing date.  The Court does not construe the AEDPA as placing such an additional

27    requirement on the courts.  Accordingly, the Magistrate Judge's recommendation that this

28

1  Court use June 17, 2004 as the filing date in this case will be accepted and adopted and

2  Respondents' objections will be overruled.[1]

3       **Statutory Tolling**

4       Using June 17, 2004 as the filing date in Federal Court, the Court must now consider

5  whether the Petition is timely under the AEDPA.  Recently, the United States Supreme Court

6  readdressed whether AEDPA's statute of limitations is tolled during the pendency of a state

7  post-conviction petition. *Evans v. Chavis*, __ U.S. __, 126 S.Ct. 846 (2006).  The Court in

8  *Evans* reiterated its position in *Carey v. Saffold*, 536 U.S. 214 (2002), and said, "[i]f the filing

9  of the appeal is timely, the period between the adverse lower court decision and the filing .

10  . . is not counted against the 1-year AEDPA time limit." *Evans*, 126 S.Ct. at 849; *see also*

11  *Gaston v. Palmer*, 417 F.3d 1030, 1036 (9th Cir. 2005) (finding the intervals between a lower

12  court's entry of judgment and the timely filing of a notice of appeal or petition for review in

13  the next court are also tolled).  It follows that if a petition is not timely filed, then the interval

14  is not tolled.  *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (finding Bonner's

15  petition was untimely, therefore "it was never 'properly filed' for purposes of the tolling

16  provision of the [AEDPA]"); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005)

17  (holding that for a petition to be "properly filed" with the state court, that petition must be

18  timely filed with the state court).

19       Here, it is undisputed that Petitioner had an extension until January 16, 2004, to file

20  her petition for review of the denial of her request for post-conviction relief with the Arizona

21  court of appeals.  It is further undisputed that Petitioner never filed her petition for review

22  and the Arizona court of appeals dismissed her appeal for this reason.  Thus, the question is

23  whether Petitioner should receive tolling of the statute of limitation for the period of time she

24  could have timely filed (because she had an extension of time to file) when she did not ever

25  actually file the petition for review.  The Court concludes that Petitioner is not entitled to

26

27  [1]  Further, the Court agrees with the Magistrate Judge's reasoning as to why *Henry v. Lungren*, 164 F.3d 1240 (9th Cir.), *cert. denied*, 528 U.S. 963 (1999) is distinguishable from

28  this case.  R&R at 9-10.

1  tolling for this time.  The reason being that an appeal that is never filed cannot be considered

2  timely; therefore, such appeal can never be properly filed.  Petitioner cannot reap the benefit

3  of AEDPA's tolling mechanism without actually filing her petition for review of the denial

4  of her petition for post-conviction relief because Petitioner never had a properly filed petition

5  pending after the trial court denied her request for post-conviction relief.  *See Gildon v.*

6  *Bowen*, 384 F.3d 883, 886 (7th Cir. 2004) (finding that a petition that was never filed is not

7  properly filed within the meaning of § 2244(d)(2)); *see also Gold v. Hennessy*, 2006 WL

8  1516009 (D. AZ. 2006).

9           As a result of this conclusion, Petitioner concluded her state court process (thereby

10  ending her statutory tolling) on May 27, 2003, when the state court denied her post-

11  conviction relief request.  Petitioner first filed a habeas petition with this Court on June 17,

12  2004,[2] more than one year after the state court proceedings ended.  As a result, her Petition

13  is barred by the statute of limitations.

14           **Equitable Tolling**

15           Having concluded that the current Petition is barred by the statute of limitation, after

16  applying all available periods of statutory tolling, the Court must determine whether

17  Petitioner might be entitled to equitable tolling.  As discussed above, in evaluating equitable

18  tolling, the burden is on Petitioner to establish that she is entitled to equitable tolling.  *See*

19  *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997)

20  *overruled in part on other grounds by Calderon v. United States District Court (Kelly)*, 163

21  F.3d 530 (9th Cir. 1998) (en banc).

22           In the R&R, the Magistrate Judge concluded and recommended that this Court find

23  that Petitioner had not shown that she is entitled to equitable tolling.  Petitioner has filed

24  objections to the R&R.  In her objections, Petitioner at various points makes the following

25  statements: "extraordinary circumstances exist which require equitable tolling time"

26

27  _____

28  [2]  As discussed above, Respondent maintains that the correct date to be considered here is
April 12, 2005, which would make the Petition even more untimely.

1 (objections at 3, lines 6-7) and "the A.D.O.C. Harkings/Holder et. al sabotaged/caused

2 Petitioner mail/pleadings to be untimely" (objections at 4, lines 25-27).

3 In some circumstances, allegations of an "impediment" to filing can justify an

4 evidentiary hearing. *See Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en

5 banc) (dealing with adequacy of legal materials available to inmates). In this case, Petitioner

6 has not requested an evidentiary hearing on this issue in her objections; therefore, the Court

7 finds any such potential request to be waived. Moreover, Petitioner has submitted her

8 evidence in support of her claim for equitable tolling in her objections.

9 Specifically, Petitioner states that she has the following evidence: "Declarations a sum

10 of four supporting equitable tolling." (Objections at 5, lines 5/6). Petitioner attached

11 voluminous documents to her objections (without numbering the pages) and did not indicate

12 which of these attachments represent her four declarations. Nonetheless, the Court has found

13 four documents that address Petitioner's mail concerns. First, there is a letter (at

14 approximately page 10) from Davis Gailord which indicates that a letter Petitioner dated

15 2/25/03 was not received until 3/15/03. Second, (at approximately page 14) is a letter from

16 the Supreme Court Clerk to Petitioner's counsel indicating that her petition for writ of

17 certiorari was untimely. Third, (at approximately page 82) there is a response to an inmate

18 grievance submitted by Petitioner. In the response, the Investigator concludes that

19 Petitioner's complaints about her mail are completely unfounded. Fourth, (at approximately

20 page 84) there is the first page of a letter (signature page not included) indicating that the

21 date Petitioner dated a letter was almost one month before the recipient received it.

22 The second and third items listed above do not support Petitioner's contention that her

23 mail is being held. The first and fourth items listed above could support Petitioner's

24 contention. However, Petitioner could also be manipulating her mail herself. Specifically,

25 Petitioner could date the letters however she chooses, but not mail them until later.

26 Therefore, neither of these potential witnesses would have personal knowledge of when the

27 letters were submitted by Petitioner for mailing; therefore these witnesses would not have

28

- 6 -

1   admissible evidence on Petitioner's claims that her mail is being held.  Thus, none of

2   Petitioner's attachments support her allegations.

3       Thus, the Court is left with Petitioner's allegation that her mail is being held, without

4   any support beyond Petitioner's own claims.  Conversely, the Court also has an internal

5   investigation report from Investigator Kerr.  (Petitioner's objections at approximately page

6   82).  In that investigation, Investigator Kerr concludes that Petitioner's claims regarding mail

7   tampering are "not sustained at this time."  *Id.*  Further, Investigator Kerr concluded that

8   Petitioner's claims were "unrealistic" and "without merit."   Thus, the Department of

9   Corrections has investigated Petitioner's claims and concluded that Petitioner's mail is not

10  being held (or otherwise interfered with by officers).

11      The conclusion of the Department of Corrections following its investigation, coupled

12  with the Court's own observations,[3] weighed against only Petitioner's self-serving allegation

13  that her mail is being sabotaged, causes this Court to conclude that Petitioner can not show

14  that her mail is not being sent timely.  Accordingly, the Court finds that this allegation does

15  not form the basis for equitable tolling.  The Court has found no other basis for equitable

16  tolling in Petitioner's objections.  Therefore, the Court agrees with the Magistrate Judge that

17  Petitioner is not entitled to equitable tolling.  Petitioner's objections to this conclusion are

18  overruled.

19      Having concluded that the Petition is untimely, and that Petitioner has not shown a

20  basis for equitable tolling, the Court agrees with the conclusion and recommendation of the

21  R&R that the Petition in this case is barred by the statute of limitations.   Petitioner's

22

23

24  [3]  For example, in the Order at Doc. #244, the Court noted that among her mail allegations,
25  Petitioner claimed that Department of Corrections personnel were intercepting her hand
    written pleadings and re-writing them before mailing them to the Court to sabotage Petitioner
26  by making her sound incoherent.  Order at 3.  First, the Court notes, having read numerous
    filings of Petitioner in this and other cases, that all handwriting is consistent.  Second, the
27  Court agrees with the Department of Corrections' conclusion that such allegations by
28  Petitioner are "unrealistic."

1 objections to this conclusion are overruled.  As a result, the Petition will be denied because

2 it is barred by the statute of limitations.

3       **Alternative Holding**

4       Having concluded that the Petition is barred by the statute of limitations, the Court

5 need not reach Respondents' alternative argument that the Petition should be dismissed

6 because Petitioner failed to exhaust her claims before the state courts, the claims are now

7 procedurally defaulted, and Petitioner cannot show cause and prejudice for her failure to

8 exhaust.  Because the Magistrate Judge reached the conclusion that the Petition is barred by

9 the statute of limitations, the Magistrate Judge did not address this argument in the R&R.

10       Nonetheless, Petitioner raises this issue in her objections.  In the event this Court is

11 mistaken that Petitioner is not entitled to an additional statutory tolling, or mistaken that

12 Petitioner is not entitled to equitable tolling, or mistaken that no evidentiary hearing on the

13 issue of equitable tolling was necessary, as an alternative holding, the Court will address the

14 Petition as if it had been timely filed.

15       Petitioner raises three grounds for relief in her Petition: 1) ineffective assistance of

16 counsel regarding Petitioner's lack of knowledge of a Court order and a violation of her right

17 to freedom of speech (both of these claims relate to the fact that Petitioner did not testify at

18 her trial); 2) failure to give *Miranda* warnings; and 3) the lack of an impartial judge and jury.

19       **1.       Ineffective Assistance**

20       Petitioner raised several theories of ineffective assistance of counsel before the state

21 courts.  However, Petitioner never raised her two current theories of ineffective assistance

22 of counsel before the state courts.  Under § 2254 (b)(1)(a), a petitioner must present the same

23 factual basis for his/her claim in the state court as in his/her federal habeas petition.  *Wildman*

24 *v. Johnson*, 261 F.3d 832, 840 (9th Cir. 2001).

25       In state court, Petitioner argued ineffective assistance of trial counsel in her appeal on

26 the theory that she was denied her right to testify when counsel refused to ask her a list of

27 questions she prepared for him, she was prejudiced when counsel advised the court he could

28

1   not ask those questions ethically,[4] and that counsel was further ineffective for not advising

2   her that she could testify in narrative form. *See* Respondent's Answer, Exhibit D, Pages 17-

3   25.   In her post-conviction relief petition, Petitioner argued that counsel breached the

4   attorney client privilege by advising the Court that he could not ask the questions Petitioner

5   had prepared, and that Petitioner was not advised in such a way that she could knowingly,

6   intelligently and voluntarily waive the right to testify. Respondents' Answer, Exhibit K, Page

7   5.  Further, Petitioner argued that trial counsel was incorrect in asserting that she intended

8   to commit perjury. *Id.* at 9.  Additionally, Petitioner argued that counsel had a conflict of

9   interest. *Id.* at 15.

10         As indicated above, the theory of ineffective assistance of counsel in this habeas

11   petition is ineffective assistance of counsel regarding Petitioner's lack of knowledge of a

12   Court order[5] and a violation of her right to freedom of speech both relating to the fact that

13   she did not testify at her trial.  Neither of these theories of ineffective assistance of counsel

14   was presented to the state courts.   Therefore, neither of these theories of ineffective

15   assistance of counsel have been exhausted before the state courts.[6]

16

17

18   [4]   The state court appeals record and post-conviction relief record indicate that counsel
19   reached the conclusion that he could not ask the questions because Petitioner intended to
     commit perjury.  On the record before the trial court, however, counsel merely said that he
20   could not ethically ask the questions Petitioner directed him to ask.  Respondents' Answer,
     Exhibit D, Pages 15-16.  As indicated in the next footnote, on habeas Petitioner now has an
21   alternative theory to perjury as to why her request was unethical.

22
     [5] The court order of which Petitioner claims she was unaware limited the evidence that could
23   be presented about Petitioner's claims that she and her children were abused.  Thus, she now
     has a theory that her counsel would not ask her the questions she prepared for him because
24   to do so would violate the Court order because the questions she prepared included questions
25   about abuse.

26   [6]   Moreover, all theories of ineffective assistance of counsel raised in the post-conviction
     relief petition were not exhausted before the state courts, because, as indicated above,
27   Petitioner never appealed the denial of her post-conviction relief petition to the state
28   appellate court.

1

### 2.   *Miranda* **warnings**

2   Petitioner's claim that she was not given her full *Miranda* warnings was never

3 exhausted before the state courts.  In fact, on direct appeal, Petitioner admitted that she <u>was</u>

4 advised of her *Miranda* rights.  Respondents' Answer, Exhibit D, Page 28.  Therefore, this

5 claim was never exhausted before the state courts.

6

### 3.   **Lack of Impartial Judge and Jury**

7   Petitioner claims that she did not have an impartial judge and/or jury because the

8 judge was "feeble," "impaired" and "incompetent," the judge was employed by the state, and

9 the judge imposed Petitioner's natural life sentence without input from the jury.  The jury was

10 biased because it did not have an equal number of African-Americans and was mostly

11 Caucasian, unlike Petitioner, and the jurors were paid by the state.  Finally, Petitioner

12 contends that both the judge and the jurors were biased because the female prosecutor wore,

13 "short dresses exposing bare parts of her body."  None of these claims were presented in

14 Petitioner's direct appeal.  Additionally, none of these claims were raised in Petitioner's post-

15 conviction relief petition.[7]  Therefore, Petitioner failed to exhaust these claims before the

16 state courts.

17

### 4.   **Result of Failure to Exhaust**

18   Before this Court may consider the merits of an application for habeas relief, a state

19 prisoner must "exhaust" in state court the claims raised in the petition.  *See Coleman v.*

20 *Thompson*, 501 U.S. 722, 729-30; 735 n.1 (1991); *Castille v. Peoples*, 489 U.S. 346, 349-50

21 (1989).  To properly exhaust his claims in the state courts, the petitioner must afford the state

22 the opportunity to rule upon the merits of each federal constitutional claim by "fairly

23 presenting" the claim to the state's highest, non-discretionary review court in a procedurally

24 correct manner.  *Castille*, 489 U.S. at 351 (highest court) *and Swoopes v. Sublett*, 196 F.3d

25 1008, 1011 (9th Cir. 1999) (highest non-discretionary review court).

26

27
28
[7]  Which, as indicated above, was itself never exhausted by appeal to the state court of appeals.

- 10 -

1    Because the exhaustion requirement refers only to remedies still available to the

2  petitioner at the time the petitioner files an action for federal habeas relief, it is also satisfied

3  if the habeas petitioner is procedurally barred from pursuing his or her claims in the state

4  courts.  28 U.S.C. § 2254(c); *Castille*, 489 U.S. at 351; *Gray v. Netherland*, 518 U.S. 152,

5  161-62 (1996).  Thus, if the habeas petitioner's claims are now procedurally barred under

6  state law, the claim is exhausted by virtue of the petitioner's procedural default of the claim.

7  Procedural default occurs when a petitioner has never presented a claim in state court and is

8  now barred from doing so by state court procedural rules.  *Castille*, 489 U.S. at 351-52.

9    As long as the state's procedural bar provides an independent and adequate state-law

10  basis for upholding the petitioner's conviction and sentence, the federal courts may not,

11  generally, review a procedurally defaulted claim in a  petition for federal habeas relief unless

12  the petitioner can demonstrate *cause* for their failure to follow reasonable state procedures

13  and *prejudice* arising from their procedural default of the claim.  *Gray v. Netherland*, 518

14  U.S. 152, 161-62 (1996) (emphasis added).

15    Ordinarily "cause" to excuse a default exists if a petitioner can demonstrate that "some

16  objective factor external to the defense impeded counsel's efforts to comply with the State's

17  procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Objective factors which

18  constitute cause include interference by officials which makes compliance with the state's

19  procedural rule impracticable, a showing that the factual or legal basis for a claim was not

20  reasonably available to counsel, and constitutionally ineffective assistance of counsel.

21  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  "Prejudice" is actual harm resulting from the

22  alleged constitutional error or violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir.

23  1984).  To establish prejudice resulting from a procedural default, a habeas petitioner bears

24  the burden of showing not merely that the errors at his trial constituted a possibility of

25  prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire

26  trial with errors of constitutional dimension.  *United States v. Frady*, 456 U.S. 152, 170

27  (1982).

28

1         If a petitioner cannot meet the cause and prejudice standard, the Court still may hear

2    the merits of procedurally defaulted claims if the failure to hear the claims would constitute

3    a "miscarriage of justice." *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).  The "miscarriage

4    of justice" exception is also known as the "actual innocence" exception. *Id.*

5         In her objections, in two places Petitioner states that there has been a fundamental

6    miscarriage of justice.  Presumably, Petitioner makes this allegation to justify her failure to

7    exhaust.[8]  However, while Petitioner says the words miscarriage of justice, Petitioner offers

8    absolutely no argument or evidence to support a claim that she is actually innocent.

9    Therefore, Petitioner's objections on this point do not show a fundamental miscarriage of

10   justice justifying her failure to exhaust.  Therefore, this Court cannot consider the merits of

11   the claims in her Petition.  As a result, even if the Petition had been timely filed, relief would

12   be denied.

13   / / /

14   / / /

15   / / /

16   / / /

17   / / /

18   / / /

19   / / /

20

21   [8] Petitioner also states that this Court should consider staying her habeas petition to allow

22   her to return to state court and exhaust her claims.  However, as the Court indicated above, the Court finds that Petitioner's claims are procedurally defaulted under the state rules.

23   Therefore, it would be futile for Petitioner to return to state court to attempt to exhaust her

24   claims.  In making this finding the Court recognizes that Petitioner has a newly discovered evidence claim and that, under some circumstances, under the state rules, newly discovered

25   evidence can form the basis of a second post-conviction relief petition.  However, a closer examination of Petitioner's claim reveals that Petitioner does not actually have newly

26   discovered evidence.  In fact, Petitioner has a court order from during her original trial which

27   was known about by her defense team all along, which Petitioner claims <u>she</u> newly discovered.  Because this order was always known about by Petitioner's attorneys, the state

28   court would not treat it as "newly" discovered.

**Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. #169) is accepted and adopted, both Respondents' and Petitioner's objections (Doc. #174 and Doc. #253) are overruled;

**IT IS FURTHER ORDERED** that the Petition is denied, because it is barred by the statute of limitations and the Clerk of the Court shall enter judgment accordingly.

DATED this 1st day of September, 2006.

James A. Teilborg
United States District Judge

- 13 -